UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REV. RUSSELL J. YOUNG,

    Plaintiff,

    v.

SUSAN I. BAUR, *et al.*,

    Defendants.

Case No. C05-5565RBL/KLS

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND FOR APPOINTMENT OF COUNSEL

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1) and Local MJR 3 and 4. Before the court is plaintiff's motion entitled "motion for default judgement and/or motion for appointment of counsel." (Dkt. #25). Plaintiff seeks a judgment in his favor based on an alleged failure of Defendant Susan I. Baur to respond to discovery requests purportedly sent to her in March of 2006.

    1.    <u>Motion to Compel Discovery</u>

Plaintiff was granted *in forma pauperis* status on February 1, 2006. (Dkt. # 16). Defendant Baur was served with the complaint in this action on April 20, 2006 (Dkt. # 24) and filed an answer on May 15, 2006. (Dkt. # 27). This court's scheduling order governing pretrial discovery, dispositive motions and the parties' joint status report was issued on May 15, 2006. (Dkt. # 28). Plaintiff's motion for default judgment was filed on May 4, 2006. (Dkt. # 25).

ORDER  1

1  Plaintiff does not indicate he has met and conferred with opposing counsel prior to filing this
2 motion as required by Local Rule 37 (a) (2). The motion is therefore **DENIED WITHOUT**
3 **PREJUDICE**. Plaintiff should review Rules 26 to 37 of the Federal Rules of Civil Procedure and Local
4 Rules 26 to 37, governing depositions and discovery.

5  2. <u>Motion for Appointment of Counsel</u>

6  Although Plaintiff makes reference to a motion for the appointment counsel in the case caption of
7 his motion, no such motion is included.   The court finds that the motion should be **DENIED**.

8  There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.
9 Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding
10 *in forma pauperis*, the court may do so only in exceptional circumstances.  <u>Wilborn v. Escalderon</u>,
11 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984);
12 <u>Aldabe v. Aldabe</u>, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires
13 an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to
14 articulate his claims *pro se* in light of the complexity of the legal issues involved.  <u>Wilborn</u>, 789 F.2d
15 at 1331.

16  Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*.   Moreover,
17 Plaintiff has not demonstrated a likelihood of success on the merits of his claims or exceptional
18 circumstances warranting appointment of counsel.

19  Accordingly, plaintiff's motions for default judgment and to appoint counsel (Dkt. # 25) are
20 **DENIED**.

21  The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

22  
23  DATED this  24th  day of May, 2006.

24  
25  
26  Karen L. Strombom
United States Magistrate Judge

27  
28 ORDER  2