UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUSSELL J. YOUNG,

    Plaintiff,

v.

SUSAN I. BAUR, Cowlitz County Prosecuting Attorney and ANGELA MILLER,

    Defendants.

Case No. C05-5565RBL/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:**
**January 5, 2007**

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b) and Local MJR 3 and 4. Pending before the Court are the motions of Defendant Susan Baur for summary judgment (Dkt. # 54) and the motion to dismiss of Plaintiff Young (Dkt. # 59).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The pending motions were originally noted for October 27, 2006. Because neither party had responded to the other's motion, the Court directed responses and re-noted the Plaintiff's motion (Dkt. # 59) for November 17, 2006 and Defendant Baur's motion for December 1, 2006.

In the interim, Plaintiff's claims against Defendant Miller were dismissed with prejudice and judgment against Plaintiff on Defendant Miller's counterclaim was entered. (Dkt. # 62). The last three

REPORT AND RECOMMENDATION - 1

mailings to Plaintiff have been returned as undeliverable.  (Dkt. # 64, 65 and 66).

Plaintiff represents to the Court that he is dying of renal cancer and that he wishes to "make his peace," before he dies.  (Dkt. # 59).  Plaintiff states that he is very sorry and asks forgiveness of all involved in the lawsuit; that he has no money or property, that he will spend his remaining days in a Buddhist monastery where he will earn no money, and that the parties are agreed that he can give them no more than his prayers.  (Id.).  Plaintiff asks that the Court allow dismissal of this lawsuit before his death.  (Id.).  Defendant Baur is not opposed to the dismissal and requests that the Court construe Plaintiff's motion as a stipulation for dismissal of all claims between Plaintiff and Defendant Baur pursuant to FRCP 41(a)(1) and FRCP 41( c).

## II. DISCUSSION

Rule 41(a)(1) and (2) of the Federal Rules of Civil Procedure provide, in pertinent part:

> [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. . . .
>
> . . .
>
> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's insistence save upon order of this court and *upon such terms and conditions as the court deems proper.* [Emphasis added].

Because Plaintiff motion to dismiss was filed after Defendant Baur's answer, counterclaim and motion for summary judgment, dismissal is only proper upon order of this Court. Fed.R. Civ. P. 41(a)(2). The dismissal may be "upon such terms and conditions as the court deems proper." Id. Unless otherwise stated in the stipulation or order referred to in the rules, dismissal is without prejudice.

Plaintiff did not indicate whether he seeks dismissal with prejudice.  Defendant Baur submits that the appropriate resolution of this action is dismissal with prejudice as to all claims of Plaintiff against Defendant Baur entered in conjunction with a corresponding dismissal with prejudice of Defendant

REPORT AND RECOMMENDATION - 2

Baur's counterclaim filed against the Plaintiff. The Court agrees that this is the proper resolution.

### III. CONCLUSION

For the reasons stated above the court should **DISMISS WITH PREJUDICE** Plaintiff's claims against Defendant Susan I. Bauer and **DISMISS WITH PREJUDICE** Defendant Susan I. Bauer's counterclaim against Plaintiff. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 5, 2007,** as noted in the caption.

DATED this  7th   day of December, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3